UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CURTIS DUGGAN,

                                        Civil No:

                 Plaintiff,        **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

     -against-                     **DEMAND FOR JURY TRIAL**

CREDIT ONE BANK, N.A..,

                      Defendant.
-------------------------------------------------------------X

      Plaintiffs CURTIS DUGGAN ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, brings this Complaint against the Defendant CREDIT ONE BANK, N.A. (hereinafter referred to as "Defendant"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.  Plaintiffs brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.  The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent.  Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

4. Plaintiff is a natural person who resides in Bronx County, State of New York.

5. Defendant is a national banking association with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## **ALLEGATIONS OF FACTS**

8.  Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

9.  On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cellular telephone phone number of (347)355-8674 on dozens of occasions.

10. Plaintiff is the customary and sole user of the cellular phone number (347)355-8674, and has been the customary and sole user of that phone number at all times relevant hereto.

11. The Defendant called from numerous phone numbers, including but not limited to 212-884-4228 and 212-884-4232.

12. Plaintiff confirmed that these phone numbers belong to Defendant by calling these numbers and being connected with an individual identifying himself as a representative for Credit One Bank.

13. Defendant specifically used an automated telephone dialing system to call the Plaintiff on his cell phone four times on September 29, 2016 alone, amongst numerous other dates.

14. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff

would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

15. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded voice.

16. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling his cell phone number on numerous occasions.

17. During the Plaintiff's numerous conversations with the Defendant, the Plaintiff specifically advised the Defendant that they were calling the wrong party, that he had no account with Credit One Bank, and that the Defendant should cease calling him.

18. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

19. Plaintiff suffered actual damages because the Defendant's calls to his cell phone deprived him of the use of his cellular phone during the times that the Defendant was calling his cellular phones, depleted battery life of the cellular telephone, and by invading on the Plaintiff's right to privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

20. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these

repeated phone calls and text messages.

21. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

22. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION

23. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

25. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

26.  As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## DEMAND FOR TRIAL BY JURY

27. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

    A.  For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all texts placed to the Plaintiff's cellular phone;

    B.    Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

    C.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: November 23, 2016

        Respectfully submitted,

        By: /s/ Yitzchak Zelman _____
        Yitzchak Zelman, Esq.
        MARCUS & ZELMAN, LLC
        1500 Allaire Avenue, Suite 101
        Ocean, New Jersey 07712
        Phone:    (732) 695-3282
        Facsimile: (732) 298-6256
        Email: yzelman@marcuszelman.com
        Attorneys for Plaintiff