UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CURTIS DUGGAN,

                                                                          Civil No: 1:16-cv-09142-JGK

                    Plaintiff,                  **AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

     -against-                                    **DEMAND FOR JURY TRIAL**

CREDIT ONE BANK, N.A., CONVERGENT
OUTSOURCING, INC, FIRST CONTACT, LLC
a/k/a IQOR HOLDINGS, INC. and IENERGIZER
HOLDINGS, LIMITED,

                    Defendants.
-----------------------------------------------------------------X

       Plaintiffs CURTIS DUGGAN ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, brings this Amended Complaint against the Defendants CREDIT ONE BANK, N.A., CONVERGENT OUTSOURCING, INC, FIRST CONTACT, LLC a/k/a IQOR HOLDINGS, INC. and IENERGIZER HOLDINGS, LIMITED (hereinafter referred to as "Defendants"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violations under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA). The Plaintiff previously filed his Complaint solely as against Defendant Credit One Bank, N.A. (Credit One), who disclosed that at least 105 calls were made to the Plaintiff's cellular phone number. The Plaintiff now amends

his Complaint to allege a TCPA claim against new Defendants Convergent Outsourcing, Inc ("Convergent"), First Contact, LLC a/k/a iQor Holdings, Inc. ("First Contact") and iEnergizer Holdings, Limited ("iEnergizer"), based on information provided by Credit One during the course of discovery, reflecting that these new entities actually placed the subject calls to the Plaintiff on Credit One Bank's behalf and at Credit One's behest.

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a

distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

4. As set forth below, Credit One Bank hired a number of vendors to place over a hundred automated calls and prerecorded voice messages to the Plaintiff's cellular phone, without ever obtaining the Plaintiff's consent to receive such communications. In fact, Credit One Bank continued directing that these calls be made to the Plaintiff's cellular phone, even after it had actual knowledge that it was calling the wrong party.

## PARTIES

5. Plaintiff is a natural person who resides in Bronx County, State of New York.

6. Defendant Credit One Bank, N.A. is a national banking association with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

7. Defendant First Contact, LLC is a limited liability company with its principal place of business located at 200 Central Ave, 7th Floor, St. Petersburg, Florida 33701, and is also known as iQor Holdings, Inc, which wholly owns First Contact, LLC.

8. Defendant Convergent Outsourcing, Inc. is a corporation with its principal place of business located at 800 SW 30th Street, Renton, WA 98057.

9. Defendant iEnergizer Holdings, Limited, is a corporation headquartered in India, with its principal place of business located at a-37, Sector 60, Noida – 201 301, UP, India.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS AS TO ALL PARTIES

12. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

13. On information and belief, on a date better known to the Defendants, Defendants began their campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cellular telephone phone number of (347)355-8674 over one hundred times.

14. Plaintiff is the customary and sole user of the cellular phone number (347)355-8674, and has been the customary and sole user of that phone number at all times relevant hereto.

15. Plaintiff is the subscriber of the cellular phone number (347)355-8674, and has been the subscriber of that phone number at all times relevant hereto.

16. The Defendants called from numerous phone numbers, including but not limited to 212-884-4228 and 212-884-4232.

17. Plaintiff confirmed that these phone numbers belong to Defendant Credit One Bank by calling these numbers and being connected with an individual identifying himself as a representative for Credit One Bank.

18. Defendants specifically used an automated telephone dialing system to call the Plaintiff on his cell phone four times on September 29, 2016 alone, amongst

numerous other dates.

19. Defendants' use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

20. The Plaintiff never gave any of the Defendants his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded voice.

21. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded voice, and expressly directed the Defendants to stop calling his cell phone number on numerous occasions.

22. During the Plaintiff's numerous conversations with the Defendants, the Plaintiff specifically advised the Defendants that they were calling the wrong party, that he had no account with Credit One Bank, and that the Defendants should cease calling him.

23. The Plaintiff specifically advised the Defendants that they had the wrong phone number and to stop calling his cellular phone on January 21, 2014, amongst numerous other dates.

24. Despite the Plaintiff's repeated entreaties for the Defendants to stop calling his cellular phone, the Defendants continued placing prerecorded voice messages and calls to his cellular phone via an automated telephone dialing system.

25. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendants violated

47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

26. Plaintiff suffered actual damages because the Defendants' calls to his cell phone deprived him of the use of his cellular phone during the times that the Defendants were calling his cellular phone, depleted battery life of the cellular telephone, and invaded on the Plaintiff's right to privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

27. The Defendants' repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendants' repeated calls interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls and prerecorded voice messages.

28. Defendants' communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

29. As a result of Defendants' violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA By Defendant Credit One Bank, N.A.)*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. As alleged above, Defendant Credit One Bank, N.A. placed numerous calls and

prerecorded messages to the Plaintiff's cellular phone number throughout the past four years.

32. Upon information and belief, Credit One Bank, N.A. also hired outside vendors, including Defendants Convergent Outsourcing, Inc, First Contact, LLC a/k/a iQor Holdings, Inc. and iEnergizer Holdings, Limited to place calls, on Credit One Bank's behalf and at Credit One Bank's behest, to the Plaintiff's cellular phone number of (347)355-8674.

33. Upon information and belief, Credit One Bank, N.A. knew that Convergent Outsourcing, Inc, First Contact, LLC a/k/a iQor Holdings, Inc. and iEnergizer Holdings, Limited were utilizing prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA, in contacting the Plaintiff's cellular phone, even before it directed that calls be placed to the Plaintiff's cellular phone.

34. Upon information and belief, Credit One Bank, N.A. in fact directed Convergent Outsourcing, Inc, First Contact, LLC a/k/a iQor Holdings, Inc. and iEnergizer Holdings, Limited to use prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA, to contact the Plaintiff's cellular phone.

35. Defendant Credit One Bank is vicariously and directly liable for the calls made to the Plaintiff's cellular phone on Credit One Bank's behalf by Convergent Outsourcing, Inc, First Contact, LLC a/k/a iQor Holdings, Inc. and iEnergizer Holdings, Limited.

36. Defendant's calls and prerecorded messages called and/or directed towards the

Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to receive such automated and pre-recorded voice messages on his cellular phone.

37. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant had actual knowledge as early as January of 2014 that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number of (347)355-8674.

38. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

39. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

40. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## SECOND CAUSE OF ACTION
*(Violations of the TCPA By Defendant Convergent Outsourcing, Inc.)*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. Defendant Credit One Bank contracted with Convergent Outsourcing, Inc. to place

numerous calls and prerecorded messages to the Plaintiff's cellular phone number of (347)355-8674.

43. Pursuant to its contract with Credit One Bank, Defendant Convergent Outsourcing began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cell phone number of (347)355-8674 numerous times.

44. Defendants' use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

45. In fact, Convergent Outsourcing openly advertises its use of an automated dialing system on its website, announcing that "Convergent's proprietary Integrated Voice Response (IVR) system includes IVR, outbound dialer, name synthesis, call management and monitoring technology to form a comprehensive, integrated software-based IVR solution tightly integrated with industry-leading Ontario Systems' FACS collections system…..Our IVR is a completely software/VoIP based advanced contact solution that enables <u>self-service automated call handling and messaging</u> to clients as part of an overall contact strategy. The system is able to handle <u>automated inbound and outbound calls</u>, allowing users to interact with Convergent's data systems, <u>including automated options to self-serve without the need for an agent</u>. <u>For outbound calls where no contact is made, the system is able</u>

<u>to leave personalized voicemails</u>…. Our voice broadcast service <u>calls numbers from a computer managed list and plays a pre-recorded message to the call recipient</u> or answering machine with advanced text to speech capability." *See,* Exhibit A.[1]

46. Convergent Outsourcing specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone number of (347)355-8674 two times a day on July 26, 2016, July 29, 2016 and July 30, 2016, amongst numerous other dates.

47. Convergent Outsourcing called from numerous phone numbers, including 212-884-4228 and 212-884-4232, masquerading and identifying itself as Credit One Bank.

48. In fact, Convergent Outsourcing's website proudly invites creditors "First Party Collections: Let Us Collect On Your System, In Your Name"). *See,* Exhibit B.

49. The Defendant's automated messages would further invite return calls to 212-884-4228 and 212-884-4232, amongst other numbers, which when called is answered by individuals identifying themselves as Credit One Bank representatives.

50. The Plaintiff never gave any of the Defendants his prior, express permission to call his cell phone via the use of an automated telephone dialing system.

51. As the party responsible for actually dialing and placing a large number of the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant Convergent Outsourcing is liable to Plaintiff for any such calls it placed to Plaintiff.

52. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any

---

[1] *See also,* http://www.convergentusa.com/technology/, *last visited on March 16, 2017.*

automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

53. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant had actual knowledge as early as January of 2014 that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number of (347)355-8674.

54. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

55. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

56. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

### THIRD CAUSE OF ACTION
*(Violations of the TCPA By Defendant First Contact, LLC a/k/a iQor Holdings, Inc.)*

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "56" herein with the same force and effect as if the same were set forth at length herein.

58. Defendant Credit One Bank contracted with First Contact, LLC a/k/a iQor Holdings, Inc. (hereinafter "First Contact") to place numerous calls and

prerecorded messages to the Plaintiff's cellular phone number of (347)355-8674.

59. Pursuant to its contract with Credit One Bank, Defendant First Contact began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cell phone number of (347)355-8674 numerous times.

60. Defendants' use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

61. Upon further information and belief, First Contact / iQor used a number of automated dialers to contact the Plaintiff's cellular phone, including a proprietary dialing system created by First Contact named aQrate.

62. According to representations made to with the United States Patent Office by First Contact / iQor, aQrate is a predictive dialing system, which is a dialing system that is encompassed by the TCPA.

63. In addition, Credit One has previously admitted that aQrate is a predictive dialing system.

64. First Contact specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone number of (347)355-8674 two times a day on March 3, 2015 and March 4, 2015, amongst numerous other dates.

65. First Contact called from numerous phone numbers, including 212-884-4228 and 212-884-4232, masquerading and identifying itself as Credit One Bank. The Defendant's automated messages would further invite return calls to 212-884-4228 and 212-884-4232, amongst other numbers, which when called is answered by individuals identifying themselves as Credit One Bank representatives.

66. The Plaintiff never gave any of the Defendants his prior, express permission to call his cell phone via the use of an automated telephone dialing system.

67. As the party responsible for actually dialing and placing a large number of the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant First Contact is liable to Plaintiff for any such calls it placed to Plaintiff.

68. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

69. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant had actual knowledge as early as January of 2014 that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number of (347)355-8674.

70. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

71. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

72. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## FOURTH CAUSE OF ACTION
*(Violations of the TCPA By Defendant iEnergizer Holdings, Limited)*

73. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "72" herein with the same force and effect as if the same were set forth at length herein.

74. Defendant Credit One Bank contracted with iEnergizer Holdings, Limited (hereinafter "iEnergizer") to place numerous calls and prerecorded messages to the Plaintiff's cellular phone number of (347)355-8674.

75. Pursuant to its contract with Credit One Bank, Defendant iEnergizer began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cell phone number of (347)355-8674 numerous times.

76. Defendants' use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice

would come on the line when the Plaintiff would answer the phone.

77. Upon further information and belief, iEnergizer used a number of automated dialers to contact the Plaintiff's cellular phone, including a predictive and automated dialer named the Aspect Unified IP dialer, which Credit One has previously admitted is a predictive dialer.

78. iEnergizer specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone number of (347)355-8674 on January 20, 2014, January 21, 2014 and December 24, 2014, amongst numerous other dates.

79. iEnergizer called from numerous phone numbers, including 212-884-4228 and 212-884-4232, masquerading and identifying itself as Credit One Bank.  The Defendant's automated messages would further invite return calls to 212-884-4228 and 212-884-4232, amongst other numbers, which when called is answered by individuals identifying themselves as Credit One Bank representatives.

80. The Plaintiff never gave any of the Defendants his prior, express permission to call his cell phone via the use of an automated telephone dialing system.

81. As the party responsible for actually dialing and placing a large number of the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant iEnergizer is liable to Plaintiff for any such calls it placed to Plaintiff.

82. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any

telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

83. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant had actual knowledge as early as January of 2014 that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number of (347)355-8674.

84. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

85. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

86. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## DEMAND FOR TRIAL BY JURY

87. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for each of the automated calls and prerecorded voice messages placed by the Defendants to the Plaintiff's cellular phone;

B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff, for each of the automated calls and prerecorded voice messages placed by the Defendants to the Plaintiff's cellular phone in willful violation of the TCPA;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: March 16, 2017

Respectfully submitted,

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:   (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff